IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Gary D. Hammond, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:09-cv-262 |
| Judge Dean L. Wilson, | : | JUDGE HOLSCHUH |
| Defendant. | : | |

REPORT AND RECOMMENDATION

On April 6, 2009, plaintiff Gary Hammond filed a complaint against Judge Dean L. Wilson of the Perry County Court and sought leave to proceed in forma pauperis. For the following reasons, the Court will recommend that the application to proceed in forma pauperis be granted and that the complaint be dismissed as frivolous and for failure to state a claim.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing

fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1974 (2007). Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

II.

According to the complaint, Mr. Hammond was convicted in the Perry County Court of two disorderly conduct charges following his no contest plea. Mr. Hammond contends that he was "forced" to plead no contest and that there was not enough factual evidence from which Judge Wilson could find him guilty of the charges. In his complaint, Mr. Hammond details what he perceives to be numerous factual discrepancies and claims that Judge Wilson violated his Fourteenth Amendment rights. Mr. Hammond also claims that Judge Wilson disregarded the fact that Mr. Hammond's Fourth Amendment rights were violated during his arrest on May 21, 2008. Mr. Hammond seeks $400,000.00 in damages and the reversal of his no contest plea.

As a general rule, judges are entitled to absolute immunity from civil liability regardless of the consequences which follow from their judicial acts. "It is well- established that judges of courts of general jurisdiction are immune from liability for their judicial acts.... Except for acts in the 'clear absence' of jurisdiction, judicial immunity is absolute." Sparks v. Kentucky Character & Fitness Committee, 818 F.2d 541, 542 (6th

2

Cir.1987), vacated, 484 U.S. 1022 (1988), aff'd on reconsideration, 859 F.2d 428 (6th Cir.1988), citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335 (1871); Stump v. Sparkman, 435 U.S. 349 (1978); King v. Love, 766 F.2d 962 (6th Cir.), cert. denied 474 U.S. 971 (1985).

Bradley stands for the proposition that, at common law, a judge enjoys absolute immunity from the consequences of judicial acts, premised upon the concern that if such immunity were not available, judges would constantly be the subject of lawsuits by unsuccessful or dissatisfied litigants, and that the risk of personal liability and the interference with a judicial function posed by the availability of such lawsuits would make it impossible either for judges to carry out their functions or to encourage persons to become judges in the first instance. That common-law principle was extended to liability under 42 U.S.C. § 1983 by Pierson v. Ray, 386 U.S. 547 (1967). As more completely explained in Stump v. Sparkman, supra, the immunity does not disappear even if the judicial act "was in error, was done maliciously, or was in excess of [the judge's] authority"; liability attaches only to acts taken in the "'clear absence of all jurisdiction.'" Id. at 356-57, quoting Bradley v. Fisher, supra.

If a judge acts in some capacity other than a judicial capacity, judicial immunity does not apply. Forrester v. White, 484 U.S. 219 (1988); see Crooks v. Maynard, 913 F.2d 699, 700 (9th Cir.1990)("Absolute judicial immunity only applies to judicial acts and not to administrative, legislative, and executive functions that a judge may perform"). It is not always clear which acts of a judge are "judicial" and which are not. The test is a functional one. The court must consider the nature of the act, not the identity of the actor. "Any time an action taken by a judge is not an adjudication between parties, it is

less likely that the act is a judicial one." Morrison v. Lipscomb, 877 F.2d 463, 466 (6th Cir.1989). However, if the act helps to determine the rights and liabilities of parties to a lawsuit, it may be a judicial act even if it does not fall into the traditional category of deciding a case.

Once the court determines that an act is of a judicial nature - that is, one ordinarily performed by a judge - and the persons dealing with the judge reasonably understand his actions to have been so performed, unless there is unequivocal proof that the judge acted in the clear absence of all jurisdiction, he or she is absolutely immune from a suit for money damages brought under §1983.

Here, there is no question that Judge Wilson's actions in connection with Mr. Hammond's no contest plea are acts of a judicial nature. Consequently, Judge Wilson is absolutely immune from suit making Mr. Hammond's claims against him subject to dismissal as frivolous.

Further, to the extent that Mr. Hammond's complaint could be construed as attempting to assert a claim against the Perry County Court, it cannot succeed. A county court in Ohio is not a legal entity capable of being sued in a 42 U.S.C. §1983 action. Harsh v. City of Franklin, Ohio, Case No. 1:07-cv-874, 2009 WL 806653, *4-*5 (S.D. Ohio March 26, 2009); Yoel v. Gandolf, Case No. 1:06-cv-387, 2007 WL 777983, *5 (N.D. Ohio March 12, 2007).

Additionally, to the extent that Mr. Hammond's request to have his no contest plea reversed and his criminal case dismissed can be construed as an attempt to appeal his state court conviction, this Court would not have jurisdiction over such an action. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). Moreover, Mr. Hammond has not stated a claim for damages arising from his conviction. See Heck v. Humphrey, 512 U.S. 477 (1994) (A claim for damages relating to a conviction that has not been

4

invalidated is not cognizable under §1983).

Finally, the Court does not construe Mr. Hammond's complaint as attempting to state a claim for a violation of his Fourth Amendment rights in connection with his arrest. Mr. Hammond has not alleged any facts to support such a claim nor has he named any of the arresting officers as defendants in this case. The Court is "not required to accept summary allegations or unwarranted legal conclusions in determining whether a complaint states a claim for relief." Fish v. Murphy, 22 Fed. Appx. 480, 482 (6th Cir. 2001) (citing Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726-27 (6th Cir. 1996)).

III.

Based on the foregoing, it is recommended that the application to proceed in forma pauperis be granted. It is further recommended that the complaint be dismissed as frivolous and for failure to state a claim and that a copy of the complaint, this Report and Recommendation, and the Court's dismissal order be mailed to the defendant.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to

the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge